**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION**, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | **1:18-cv-2799-RMC** |
| | ) | |
| **WAL-MART STORES EAST, LP** | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission"), against Defendant, Wal-Mart Stores East, LP ("Defendant"), alleging that Defendant violated Section 102 of Title I of the Americans with Disabilities Act, as amended (the "ADA"), 42 U.S.C. § 12101 *et. seq.*, by failing to provide Troy Miles ("Miles") and Tonya Bland ("Bland") with effective reasonable accommodations throughout their employment at Store Number 5941 in Washington, D.C. The parties desire to resolve this action without the time and expense of continued litigation and, as a result, have jointly formulated a plan to be embodied in a Consent Decree ("Decree") that will promote and effectuate the purposes of the ADA. The parties agree that this Decree shall not be deemed or construed at any time for any purpose as an admission by Defendant of any liability or unlawful conduct, or as a waiver by the Commission of any contentions of discrimination.

The Court has examined this Decree and finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein and being fully advised in its premises, it is ORDERED, ADJUDGED, AND DECREED:

**RELEASE OF CLAIMS**

1.  This Decree fully and completely resolves all issues, claims, and allegations raised in the Complaint filed by the Commission in this action ("the Complaint") against Defendant.

2.  This Decree in no way affects the Commission's right to bring, process, or investigate any other pending or future charges of discrimination that may be filed against Defendant or to commence civil actions on any such charges as the Commission sees fit.

**SCOPE OF DECREE**

3.  This Decree shall apply to Defendant's Store Number 5941 in Washington, D.C.

4.  This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.

5.  This Court shall retain jurisdiction over this matter and the parties for the duration of the Decree to enforce compliance with the Decree, including by issuing such orders as may be required to effectuate the purpose of the Decree.  If the Court determines that Defendant has failed to meet the established terms at the end of one (1) year, the duration of the Decree may be extended.

**MONETARY RELIEF**

6.  Defendant shall pay a total of $100,000 to settle the claims brought by the EEOC under 42 USC Section 1981a on behalf of Miles and Bland. The EEOC has notified Defendant of the amounts each is to receive, and Defendant has agreed to issue payment accordingly, in the manner set forth below.

7.  Within thirty (30) days after entry of this Decree, Defendant shall issue to Miles a check for payment in full for the amount he is to receive pursuant to paragraph 6 above. Defendant shall prepare and issue a 1099 IRS form for the 2019 tax year to Miles for the monetary relief. The check and IRS form shall be sent directly to Miles, via certified

mail, at the address provided by the EEOC's counsel of record, and a photocopy of the check and related correspondence shall be sent to the EEOC's counsel of record at the same time that the documents are sent to Miles.

8. Within thirty (30) days after entry of this Decree, Defendant shall issue to Bland a check for payment in full for the amount she is to receive pursuant to paragraph 6 above. Defendant shall prepare and issue a 1099 IRS form for the 2019 tax year to Bland for the monetary relief. The check and IRS form shall be sent directly to Bland, via certified mail, at the address provided by the EEOC's counsel of record, and a photocopy of the check and related correspondence shall be sent to the EEOC's counsel of record at the same time that the documents are sent to Bland.

## INJUNCTIVE RELIEF

9. Defendant, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from violating the provisions of Title I of the ADA, including the following provision:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

> 42 U.S.C. § 12112(a).

10. Defendant, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are further enjoined from retaliating against any individual, including current and former employees, because he or she in the past, or during the term of this Decree: (a) asserted his or her rights under the ADA, including by filing a charge of discrimination or filing an internal discrimination complaint with Defendant; (b) opposed any practice that the individual

reasonably believed to be unlawful under the ADA; (c) testified or participated in any

manner in any discrimination investigation (including, without limitation, any internal

discrimination investigation undertaken by Defendant) or proceeding, including any

such investigation or proceeding undertaken in connection with the Complaint; (d) was

identified as a possible witness or claimant in this action; or (e) sought and/or received

any relief in accordance with this Decree.  Such conduct violates the ADA, as set forth

below:

(a) Retaliation – No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
(b) Interference, coercion, or intimidation – It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise of enjoyment of any right granted or protected by this chapter.

42 U.S.C. § 12203(a)-(b).

## **EQUITABLE RELIEF**

### **Policies and Procedures**

11. Within sixty (60) days from the effective date of this Decree, Defendant will revise its

current reasonable accommodations Management Guidelines to include language to the

effect of the following: That upon noticing or observing that an associate or applicant

may need assistance due to an open and obvious medical condition or disability, such as

deafness or hearing impairment, Defendant's management, Human Resources, or other

personnel who Defendant authorizes to address discrimination complaints and/or

accommodation requests, will engage such individual in the interactive process to

determine whether he or she requires a reasonable accommodation to enable him or her

to participate in the application process, perform the essential functions of the position he or she holds or is seeking, or to enjoy equal benefits or privileges of employment (including work-related meetings, trainings, and communications).

**Training**

A.       **Management**

12. Within ninety (90) days from the effective date of this Decree, Defendant shall provide no less than three (3) hours of live, interactive ADA training.  This training must be provided by a third-party business or organization that specializes, or has a background in, the ADA and working with deaf or hard-of-hearing individuals, and it must include live, certified interpreting during the training for any deaf or hard-of-hearing management-level employees who work at Store Number 5941 at the time of the training. The training must address the following topics: (1) the ADA's reasonable accommodation requirements; (2) the interactive process; (3) Defendant's Accommodation in Employment Policy and Process, including the revised reasonable accommodations Management Guidelines outlined in Paragraph 11; (4) the requirement to proactively engage an applicant, new-hire, or employee who is deaf or hard-of-hearing (or who has some other open and obvious communication-based impairment) in the interactive process to determine whether he or she needs any communication-based reasonable accommodation to participate in the application process, perform the essential functions of the position he or she holds or is seeking, or to enjoy equal benefits or privileges of employment (including work-related meetings, trainings, and communications); and (5) issues related to deaf or hard-of-hearing individuals.  The discussion related to deaf or hard-of-hearing individuals will address: (1) auditory and cultural deafness; (2) American Sign Language and other forms of signed language; (3)

communicating with deaf or hard-of-hearing individuals in the workplace; and (4) examples of communication-based accommodations. This training must be provided to all management, Human Resources, or other personnel at Store Number 5941 that Defendant authorizes to address discrimination complaints and/or accommodation requests and to engage in the interactive process on Defendant's behalf, as well as those management personnel who may interview, train, and/or supervise deaf or hard-of-hearing individuals. Defendant will provide training that addresses these topics, in the form of computer-based learning modules (CBLs), to any employee who is hired, promoted, or transferred into any of the positions delineated above within thirty (30) days of hire or transfer. Defendant's Market Human Resources Manager for Store 5941 will also review Defendant's reasonable accommodation management guidelines with any employee who is hired, promoted, or transferred into any of the positions delineated above within thirty (30) days of hire or transfer.

**B.**     **Non-Management**

13. Within ninety (90) days from the effective date of this Agreement, Defendant shall provide ADA training to all non-management employees at Store Number 5941 through computer-based learning (CBL) training. The training will focus on employee rights under the ADA and on Defendant's process for requesting a reasonable accommodation. If needed for CBL training, Defendant will provide reasonable accommodations to employees who are qualified individuals with disabilities, including but not limited to providing live, certified sign language interpreting for any deaf and hard-of-hearing employees who require this accommodation for CBL training.

**Notice Posting**

14. Within ten (10) days of the entry of this Decree, and for the duration of this Decree, Defendant will post a Notice, "Attachment A," at Store Number 5941 in Washington, D.C. The notice shall be signed by Defendant's representative and posted in places visually accessible to employees, which include, but are not limited to, an internal website available to employees at this location.

**Reporting Requirements**

15. Any report, notification, or certification to the EEOC required under this Decree shall be sent to the EEOC's Counsel of Record, Ashley Martin, Trial Attorney, EEOC Washington Field Office, 131 M Street, N.E., Suite 4NW02F, Washington, DC 20507.

16. Within thirty (30) days of compliance with Paragraph 11, Defendant shall provide the EEOC with a copy of the revised reasonable accommodations Management Guidelines outlined in the paragraph and a certification from Defendant that the supplemental policy has been distributed consistent with the paragraph.

17. Within fourteen (14) days of compliance with Paragraph 12, Defendant shall provide the EEOC with a copy of the attendance list for the training, with the name and job title for each employee, and copies of any training materials distributed to the employees during the training.

18. Within fourteen (14) days of compliance with Paragraph 13, Defendant shall provide the EEOC with a copy of the attendance list for the training, with the name and job title for each employee, and copies of any training materials distributed to the employees during the training.

19. Within ten (10) days of compliance with Paragraph 14, Defendant shall provide the EEOC a copy of the signed Notice, Attachment A, and a certification of its compliance

7

with the paragraph.  Defendant shall provide such certification on an annual basis for the duration of the Decree.

## MISCELLANEOUS PROVISIONS

20. Upon motion of the EEOC, the Court may schedule a hearing for reviewing compliance with this Decree.   Prior to such motion, the EEOC shall notify Defendant and Defendant's counsel of record, in writing, of the alleged non-compliance.  Upon receipt of the written notice, Defendant shall have thirty (30) days either to correct the alleged non-compliance, and so inform the EEOC counsel of record, or deny the alleged non-compliance, in writing.  If the parties cannot in good faith resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach of the Decree.

21. The Commission and Defendant shall bear their own costs and attorneys' fees.

22. This case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Consent Decree.

23. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF:

_____*/s/ Debra M. Lawrence*_____
DEBRA M. LAWRENCE
Regional Attorney


_____*/s/ Maria Luisa Morocco*_____
MARIA LUISA MOROCCO
Supervisory Trial Attorney



_____*/s/ Ashley M. Martin*_____
ASHLEY M. MARTIN
Trial Attorney
U.S. EEOC
Washington Field Office
131 M Street, N.E. Suite 4NW02F
Washington, D.C. 20507
Phone: 202-419-0749
Fax: 202-653-6053
ashley.martin@eeoc.gov

FOR DEFENDANT:

_____*/s/ Kevin M. Kraham*_____
Kevin M. Kraham (Bar No. 459077)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006
Tel     202.423.2404
Fax     202.842.0011
kkraham@littler.com


_____*/s/ G. Bethany Ingle*_____
G. Bethany Ingle (Bar No. D00531)
LITTLER MENDELSON, P.C.
1650 Tysons Boulevard, Suite 700
Tysons Corner, VA 22102
Tel     703.286.3135
Fax     703.442.8428
gingle@littler.com



APPROVED:


_____
Rosemary M. Collyer
United States District Judge


_____
Date

## <u>NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND WAL-MART STORES, EAST LP</u>

1. This Notice is being posted as part of the resolution of a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Wal-Mart Stores East, LP ("Walmart") in the United States District Court for the District of Columbia (1:18-cv-2799-RMC). The EEOC brought this action to enforce provisions of the Americans with Disabilities Act, as amended ("ADA"), which prohibits employers from discriminating against employees because of a disability.

2. Under the ADA, employers are required to provide qualified individuals with a disability a reasonable accommodation, absent undue hardship. Federal laws also prohibit retaliation against individuals for engaging in protected activity, which can include, for example, filing a charge with the EEOC, requesting a reasonable accommodation, or otherwise assisting or participating in an employment discrimination investigation, hearing, or proceeding.

3. Walmart supports and will comply with such federal laws in all respects including its affirmative duty to provide reasonable accommodations to qualified individuals with a disability absent undue hardship.

4. Employees who believe they need a reasonable accommodation during employment should feel free to request an accommodation at any time. Walmart has established policies and procedures to handle such accommodation requests.

5. Employees have the right to report allegations of discrimination in the workplace, including an employer's failure to accommodate his or her disability. An employee may contact his or her local EEOC field office to file a charge of discrimination. To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
Washington Field Office
131 M. Street, N.E., Suite 4NW02F
Washington, D.C. 20507
TEL: 202-419-0713
TTY: 202-419-0702
www.eeoc.gov

_____           _____
Date                                    Walmart Official

DO NOT REMOVE THIS NOTICE UNTIL \_\_\_\_\_ 2021